THE UNITED STATES WIND ENGINE AND PUMP COM-
PANY v. L. A. LINVILLE, *as Clerk of the District Court
of Osborne County.*

FALSE CERTIFICATE—*Action to Recover Damages—Demurrer to Petition,
Sustained.* Where, in an action against a clerk of the district court
to recover damages for making a false certificate as to the non-
existence of liens against certain town lots, by a purchaser of said
lots, it appears, by the allegations of the petition and its exhibits,
that when the certificate was made, an abstract was presented to the
clerk showing a conveyance to the purchaser, long before a lien was
filed against the lots in the office of the clerk, for materials furnished,
and that his certificate did not result in any damage to the plaintiff
in error, a demurrer to the petition was properly sustained.

*Error from Osborne District Court.*

THE case is stated in the opinion. Judgment for defendant
*Linville,* at the February term, 1888. The plaintiff *Company*
brings the case here.

*Robinson & Lawrence,* for plaintiff in error.

*Hays & Pitts,* for defendant in error.

Opinion by SIMPSON, C.: The plaintiff in error alleges in
his amended petition filed in the district court of Osborne
county on the fifth day of January, 1888, that the defend-
ant in error is the clerk of the district court of that county;
that as such clerk he was the custodian of the records showing
mechanics' liens filed on real property in said county; that
he was accustomed for hire to make certificates showing the
existence or non-existence of liens on real property that per-
sons were desirous of purchasing; that on the 11th day of
May, 1887, for a valuable consideration, the defendant in er-
ror made and delivered to the plaintiff in error a certificate
that there were no mechanics' liens on lots 3 and 4 of block
1 in the second addition of Truman and Davis to the city of
Osborne, when in truth and in fact there was a mechanics'
and furnishers' lien upon the record in said clerk's office against

said lots for the sum of $214 and interest, which said lien had been on file in that office since November 29, 1886, against the immediate grantors of the plaintiff in error; that by reason of said false certificate, the plaintiff in error did pay and assume to pay the said sum of $214, with interest. Judgment was asked for that amount. Attached to the amended petition as an exhibit and a part thereof, is a copy of the original abstract, from which it appears that the usual recitations as to title were made and certified by one O. A. Truman, an abstracter, with the usual certificates of the county treasurer about tax liens, and the certificate of the defendant in error showing that there were no judgment, mechanics' or other liens against the lots recorded or filed in his office. In that part of the abstract prepared by Truman it is stated that Chase and wife, the immediate grantees of the plaintiff in error, executed a mortgage to the plaintiff in error for the sum of $1,400, on the 10th day of May, 1886, and that the mortgage was recorded on the 11th day of May, 1886. The certificate of the defendant in error is dated May 11, 1887. The date of the filing of the mechanics' or material lien was November 29, 1886, for material furnished after July 1, 1886. The defendant below demurred to the amended petition because it does not state a cause of action, and the demurrer was sustained. The plaintiff stands on his amended petition, and brings the case here to review the ruling sustaining the demurrer.

The copy of the abstract attached to the petition in the record shows that the town lots were conveyed by Chase and wife to the plaintiff in error, by warranty deed, on the 10th day of May, 1886. The allegation in the petition is, that there was a material lien filed against the property on the 29th day of November, 1886, for materials furnished after the 1st day of July, 1886. So, taking the two together, the conclusion is irresistible that the plaintiff in error is not injured by the certificate made by Linville. Something is said, or rather intimated, in the briefs about the statement in the abstract as to the date of the deed from Chase and wife to the

plaintiff in error being a mistake, but it must be evidence that we can neither surmise nor determine that this recitation in the abstract was the result of a mistake made by the abstracter.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.